UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                          Case No.: 8:14-bk-13452

THOMAS SALVADOR MARTINO,                                        Chapter 7

    Debtor.
_____/

DOUGLAS N. MENCHISE, TRUSTEE,

    Plaintiff,

v.                                                              Adv. Pro. No.:_____

THOMAS SALVADOR MARTINO,
PAMELA CORDELL MARTINO, MARCUS
ANGELO MARTINO, LARA MARTINO,

    Defendants.
_____/

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

Plaintiff, Douglas N. Menchise, Trustee ("**Plaintiff**" or "**Trustee**"), by and through its undersigned counsel, files this Complaint to Avoid Fraudulent Transfer ("**Complaint**") and in support thereof respectfully states as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 105, 544 seeking to avoid the transfer of property of the estate of Thomas Salvador Martino ("**Debtor**" or "**Thomas Martino**").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

1965914.3

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5. The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code ("**Bankruptcy Petition**") on November 14, 2014.

6. The Debtor and Pamela Cordell Martino ("**Pamela Martino**") are husband and wife and have been so for the past 30 years.

7. Defendants Marcus Angelo Martino ("**Marcus Martino**") and Lara Martino ("**Lara Martino**") are the children of the Debtor and Pamela Martino.

## GENERAL ALLEGATIONS

8. Palma Ceia Grand, LLC was originally formed on February 9, 2004 by Thomas Martino.

9. On December 13, 2004, Thomas Martino changed the name of Palma Ceia Grand, LLC to Gold Standard Properties, LLC.

10. Prior to January 1, 2010, Thomas Martino owned 37.5% of Gold Standard Properties, LLC.

## COUNT I

[Avoidance of Fraudulent Transfer §726.105(1)(a)-Actual Fraud]

Plaintiff sues Defendants Thomas Martino, Marcus Martino, and Lara Martino and alleges:

11. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1-10 as if fully set forth.

12. Section 544(b) of the United States Bankruptcy Code authorizes the Trustee to bring an action pursuant to Florida Statutes § 726.105(1)(a).

1965914.3

13. On or about January 1, 2010, the Debtor transferred 18.75% of his ownership interest in Gold Standard Properties, LLC to his son, Marcus Martino and 18.75% of his ownership interest in Gold Standard Properties, LLC to his daughter Lara Martino.

14. The purpose for Thomas S. Martino transferring his ownership interest in Gold Standard Properties, LLC to his son and daughter was to remove his name as an owner of Gold Standard Properties, LLC in order to fraudulently conceal his poor credit during the refinancing of its corporate debt with USAmeriBank.

15. On July 29, 2010, Gold Standard Properties, LLC did refinance its debt with USAmeriBank, and shortly thereafter the ownership interest previously transferred to Marcus Martino and Lara Martino, was re-transferred to Thomas S. Martino.

16. The Debtor actually intended to hinder, delay, or defraud his existing and future creditors. This actual intent is evident by:

   a. The transfer was to his children who were insiders;

   b. The Debtor retained control of the ownership interest in Gold Standard Properties, LLC after the transfer to his children;

   c. Prior to the transfer, the Debtor was insolvent or close to insolvency, and had been threatened with litigation by several creditors.

17. The Trustee discovered that the Debtor transferred his ownership interest in Gold Standard Properties, LLC at the 341 meeting of creditors after the Bankruptcy Petition had been filed.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order (a) avoiding the transfer of the Debtor's ownership interest in the Gold Standard Properties, LLC, to his children, Marcus Martino and Lara Martino pursuant to § 544, 726.105(1)(a); (b) directing

1965914.3

Marcus Martino and Lara Martino to pay the Trustee the value of the property transferred as a result of the transfers avoided, plus interest accruing from the date this action was filed, pursuant to § 550 of the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

## COUNT II

**[Avoidance of Fraudulent Transfer §726.105(1)(a)-Actual Fraud]**

Plaintiff sues Defendants Thomas Martino and Pamela Martino and alleges:

18. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1-10 as if fully set forth.

19. Section 544(b) of the United States Bankruptcy Code authorizes the Trustee to bring an action pursuant to Florida Statutes § 726.105(1)(a).

20. On June 2, 2012 Thomas Martino transferred all of his ownership interest in Gold Standard Properties, LLC to himself and his wife, Pamela Martino. A copy of the assignment of membership is attached hereto as Exhibit A.

21. The Debtor actually intended to hinder, delay, or defraud his existing and future creditors. This actual intent is evident by:

   a. The transfer was to his wife who is an insider;

   b. The Debtor retained control of the ownership interest in Gold Standard Properties, LLC after the transfer;

   c. Prior to the transfer the Debtor had been threatened with suit or had already been sued;

   d. There was no consideration for the transfer.

4

22.     WHEREFORE, the Plaintiff respectfully requests that this Court enter an order (a) avoiding the transfer of the Debtor's ownership interest in the Gold Standard Properties, LLC, to his wife Pamela pursuant to 11 USC § 544, and §726.105(1)(a); *Florida Statutes*; (b) directing Pamela Martino to pay the Trustee the value of the Gold Standard Properties, LLC interest transferred as a result of the transfer avoided, plus interest accruing from the date this action was filed, pursuant to § 550 of the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

## COUNT III

### [Avoidance of Fraudulent Transfer §726.106(1)-Constructive Fraud]

Plaintiff sues Defendants Thomas Martino and Pamela Martino and alleges:

23.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1-10 as if fully set forth.

24.     Section 544(b) of the United States Bankruptcy Code authorizes the Trustee to bring an action pursuant to Florida Statutes § 726.106(1).

25.     On June 2, 2012 Thomas Martino transferred all of his ownership interest in Gold Standard Properties, LLC to himself and his wife, Pamela Martino. A copy of the assignment of membership is attached hereto as Exhibit A.

26.     The Debtor received no consideration for the transfer.

27.     The Debtor was insolvent at the time of the transfer because his debts exceeded his assets at fair valuation.

28.     Pamela Martino knew her husband was under financial stress at the time of the transfer and that this transfer to her would protect some or all of the Debtor's ownership interest in Gold Standard Properties, LLC from his creditors.

1965914.3

WHEREFORE, the Plaintiff respectfully requests that this Court enter an order (a) avoiding the transfer of the Debtor's ownership interest in the Gold Standard Properties, LLC, to his wife Pamela Martino pursuant to 11 USC § 544, and §726.106(1) *Florida Statutes*; (b) directing Pamela Martino to pay the Trustee the value of the Gold Standard Properties, LLC interest transferred as a result of the transfer avoided, plus interest accruing from the date this action was filed, pursuant to § 550 of the Bankruptcy Code; and (c) granting such other and further relief as is just and proper.

Dated: Tampa, Florida
June 15, 2015

BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601-3913
(813) 224-9255
(813) 223-9620 fax
*Special Counsel for Trustee, Douglas N. Menchise*

By: /s/ A. Christopher Kasten, II
A. Christopher Kasten, II, Esquire
Florida Bar No. 771236
ckasten@bushross.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2015, I electronically filed a true and correct copy of the Complaint to Avoid Fraudulent Transfer with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document to the parties listed on the attached mailing list by U.S. Mail.

/s/ A. Christopher Kasten, II
ATTORNEY

ASSIGNMENT OF MEMBERSHIP IN LLC

*For Value Received,* I, THOMAS MARTINO, hereby sell, assign and transfer unto THOMAS MARTINO AND PAMELA C. MARTINO, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETIES; ALL of the membership and ownership interests in GOLD STANDARD PROPERTIES, LLC, a Florida limited liability company, standing in my name in the operating agreement of said company and on the books of said company, or in any way owned by me, and I do hereby irrevocably constitute and appoint Thomas Martino attorney to transfer the said membership and ownership interests on the books of the within named company with full powers of substitution in the premises.

Dated as of the 2nd day of June, 2012.

_____
THOMAS MARTINO

IN THE PRESENCE OF:

_____
Witness

**EXHIBIT**

**A**